UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>ENDS IN E. INC.,<br><br>    Defendant. | Case No.   5:20-cv-06946-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 15 |

Plaintiff Scott Johnson seeks attorneys' fees and costs under 42 U.S.C. Section 12205 and Cal. Civ. Code Section 55. Dkt. No. 15. Defendant Ends In E. Inc. argues that the fees and costs are duplicative, unnecessary, and unreasonable. Dkt. No. 16. The Court found this motion suitable for consideration without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Having considered the Parties' papers, the Court **GRANTS in part and DENIES in part** Plaintiff's motion for attorneys' fees and costs.

**I.     BACKGROUND**

On October 6, 2020, Mr. Johnson filed a lawsuit against Ends In E. Inc, a California Corporation. *See* Dkt. No. 1. Mr. Johnson is a level C-5 quadriplegic who cannot walk and has significant manual dexterity impairments. Compl. ¶ 1, Dkt. No. 1. Mr. Johnson alleged that Ends In E. Inc unlawfully failed to provide handicap patrons with accessible parking, dining surfaces, sales counters, and restrooms. *Id.* ¶¶ 27–43.

On March 23, 2021, Mr. Johnson notified the Court that the Parties had settled the merits of this case. *See* Dkt. No. 13. Thereafter, on May 6, 2021, Mr. Johnson filed a motion for

1   attorneys' fees and costs.  Notice of Motion and Memorandum of Points and Authorities in

2   Support of Motion for an Award of Attorneys' Fees ("Mot."), Dkt. No. 15.  On May 13, 2021,

3   Ends In E. Inc. filed an opposition to the motion.  Defendant's Opposition to Plaintiff's Motion for

4   Fees and Costs ("Opp."), Dkt. No. 16.  Thereafter, on May 27, 2021, Mr. Johnson filed a reply.

5   Reply in Support of Plaintiff's Motion for Attorney's Fees ("Reply"), Dkt. No. 18.

## II.   LEGAL STANDARD

Both the Americans with Disabilities Act ("ADA") and the Unruh Act permit a "prevailing" plaintiff to recovery attorneys' fees.  42 U.S.C. § 12205; Cal. Civ. Code § 55.  A plaintiff who enters into a legally enforceable settlement agreement is a prevailing party.  *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002).  While attorneys' fees statutes "enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws," the intent of the statutes is not to "punish or reward attorneys."  *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000).

To calculate recoverable fees, federal and state courts look to the lodestar method.  *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).  The lodestar method is "strong[ly] presum[ed]" to represent a reasonable fee.  *Del. Valley Citizens' Council*, 478 U.S. at 565.  The court arrives at this figure by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Hensley*, 461 U.S. at 433; *Ketchum*, 24 Cal. 4th at 1132.  The fee applicant bears the burden of showing that the requested rate is reasonable based on "the prevailing market rate in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation."  *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1384 (9th Cir. 1990) (quotation marks omitted), *overruled on other grounds by Burlington v. Dague*, 505 U.S. 557, 559 (1992).  In making this determination, courts look to other decisions in "the forum in which the district court sits."  *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997); *see also Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009);

*Johnson v. Allied Trailer Supply*, 2014 WL 1334006, at *5 n. 3 (E.D. Cal. Apr. 3, 2014); *Johnson v. Li,* 2020 WL 3268580, at *1 (N.D. Cal. June 17, 2020), *aff'd sub nom. Johnson v. Li as trustee of Li Fam. Tr. dated Mar. 10, 1988*, 848 F. App'x 744 (9th Cir. 2021).

### III.   ARGUMENT

#### A.  Attorneys' Fees

Mr. Johnson requests $5,746.00 in attorney fees and costs.  *See* 42 U.S.C. § 12205; Cal. Civ. Code § 55.  The court must multiply the number of hours reasonably expended by a reasonable hourly rate.  *Hensley,* 461 U.S. at 433; *Ketchum,* 24 Cal. 4th at 1132.

##### i.   Reasonable Hourly Rates

"Determination of a reasonable hourly rate is not made by reference to rates actually charged by the prevailing party.  In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986) (citations omitted), *amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987).  In making this determination, courts look to other decisions in "the forum in which the district court sits." *Barjon*, 132 F.3d at 500; *Nadarajah*, 569 F.3d at 917.

In calculating the reasonable hourly rate, the Court must assess "the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008).  "While disability access cases are a subset of civil rights practice, it would be naive to equate the level of skill required to litigate a routine disability access case with the level of skill required to successfully litigate a more complicated civil rights case raising novel or complicated constitutional issues." *Johnson v. Wayside Prop., Inc.,* 2014 WL 6634324, at *6 (E.D. Cal. Nov. 21, 2014).  "[T]he burden is on the fee applicant to produce satisfactory evidence–in addition to the attorneys' own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill,

Case No.: 20-cv-6946-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

3

experience and reputation." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 980 (9th Cir. 2008) (internal quotation marks and citation omitted).

Mr. Johnson seeks an hourly rate of $650 for attorney Russell Handy, $550 for attorney Dennis Price, $500 for attorney Amanda Seabock, $400 for attorney Josie Zimmermann, and $100 for the paralegals and legal assistants. Dkt. No. 15-1, Declaration of Mark Potter in Support of Plaintiff's Motion for Attorney's Fees and Litigation Expenses ("Potter Decl.") ¶¶ 10–15. In support of the hourly rates requested, Mr. Johnson relies on the Declaration of Mark Potter in Support of Plaintiff's Motion for Attorney's Fees and Litigation Expenses, Dkt. No. 15-1. In addition, Mr. Johnson provides documentation of the billing entries and the community rates of partners and associates by city. Dkt. No. 15-2 (Billing Statement).

According to the Potter Declaration, Mr. Handy has 19 years of experience in disability litigation, has prosecuted over a thousand ADA cases including over 30 trials. Potter Decl. ¶ 10. Mr. Price has been involved in hundreds of disability rights cases from all stages of litigation. *Id.* ¶ 11. Ms. Seabock has worked on disability rights cases for over 7 years and heads the settlement team, negotiating and finalizing all ADA settlements. *Id.* ¶ 12. Ms. Zimmermann has gained significant civil litigation experience since 2018 and joined Potter Handy in 2020 handling discovery related tasks. *Id.* ¶ 14. Legal assistants at Potter Handy are tracked on the time that they work and billed at $100 per hour. *Id.* ¶ 15.

For attorneys with approximately 20 or more years of experience, courts have generally approved rates ranging from $350 to $495 in disability cases. *Johnson v. Rocklin of Cal. LLC,* 2019 WL 3854308, at *10 (N.D. Cal. Aug. 16, 2019); *Johnson v. Li,* 2020 WL 3268580, at *2 (N.D. Cal. June 17, 2020), *aff'd sub nom. Johnson v. Li as trustee of Li Fam. Tr. dated Mar. 10, 1988,* 848 F. App'x 744 (9th Cir. 2021). Further, when a matter is a "relatively simple one, in straight-forward application of the law, and which does not present novel or difficult issues requiring a high level of skill or specialization," courts have generally found that higher rates are unwarranted. *Li,* 2020 WL 3268580, at *3; *Johnson v. Oakwood Ctr. LLC*, 2019 WL 7209040, at

Case No.: 20-cv-6946-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

4

*13 (N.D. Cal. Dec. 27, 2019). "The sheer number of ADA cases that Johnson's counsel is litigating simultaneously underscores the straightforward nature of their cases." *See Li*, 2020 WL 3268580, at *3; *Johnson v. Baglietto*, 2020 WL 3065939, at *10 (N.D. Cal. May 21, 2010). In addition, recent court decisions in this district have granted the reasonable rates in similar cases for attorneys Mr. Potter and Mr. Handy as $425–475 per hour, attorneys Mr. Price and Ms. Seabock as $300–350 per hour, and attorney Ms. Zimmermann (recently barred and joined the CDA Law Firm) as $250 per hour. *See Li*, 2020 WL 3268580, at *3–4 (awarding $475 per hour for attorney Mr. Potter, $350 per hour for attorneys Mr. Price and Ms. Seabock, and $250 per hour for attorney Ms. Zimmermann); *Baglietto,* 2020 WL 3065939, at *11; *Johnson v. Cala Stevens Creek/Monroe, LLC,* 2020 WL 2556989, at *6 (granting rates of $475 per hour for attorney Potter and $350 for attorney Seabock); *Johnson v. Rocklin of Cal. LLC,* 2019 WL 3854308, at *12 (N.D. Cal. Aug. 16, 2019) (same); *Shaw v. Kelley,* 2019 WL 5102610, at *5 (N.D. Cal. Oct. 11, 2019) (same); *Johnson v. Johnson*, 2020 WL 901517, at *6 (N.D. Cal. Feb. 25, 2020) (awarding $475 per hour to attorneys Potter and Handy); *Johnson v. AutoZone, Inc.,* 2019 WL 2288111, at *6 (awarding $425 per hour to attorneys Mr. Potter and Mr. Handy, and $300 to attorney Ms. Seabock).

Moreover, as noted in *Li* and *Baglietto*, Mr. Johnson's counsel's continued practice indicates that the range of rates cited above are reasonable. *Vogel v. Harbor Plaza Ctr., LLC,* 893 F.3d 1152, 1158 (9th Cir. 2018) ("[A] reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." (alteration in original) (quotation marks and citation omitted)). In addition, Mr. Johnson has filed and continues to file similar cases across this State and district. *Li*, 2020 WL 3268580, at *4. Therefore, it is proper to use these comparable cases for the reasonable rates to award the partners and associates in this case. *Li*, 2020 WL 3268580, at *4; *Baglietto*, 2020 WL 3065939, at *11.

In accordance with this district's case law, this Court finds that the following hourly rates are reasonable for this matter and awards: $475 per hour for attorney Handy, $350 per hour for attorneys Price and Seabock, and $250 per hour for attorney Zimmerman.

Case No.: 20-cv-6946-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

### ii. Reasonableness of Hours Billed

In determining a reasonable number of hours, the court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented, within billing judgment, and whether any of the hours were unnecessary, duplicative or excessive. *Freitag v. Cal. Dep't of Corr.,* No. C00-2278 TEH, WL 2485552, at *2 (N.D. Cal. Aug. 12, 2009). This Court assesses the billing logs and looks for "significant efficiencies as well as templates that counsel could use in every case," but the Court cannot simply take at face value the word of the prevailing party's lawyer for the number of hours expended. *Li,* 2020 WL 3268580, at *4; *Baglietto,* 2020 WL 3065939, at *12; *Gates v. Deukmejian*, 987 F.2d 1392, 1398–99 (9th Cir. 1993).

Mr. Handy has litigated thousands of ADA cases in this district, and attorneys Mr. Price and Ms. Seabock have litigated hundreds of ADA cases. Potter Decl. ¶¶ 10–12. Despite counsel's prior experience and the straightforward nature of this case, there are inefficiencies in the invoice. *Li,* 2020 WL 3268580, at *4; *Baglietto,* 2020 WL 3065939, at *12.

Specifically, this Court finds it unreasonable for Ms. Seabock to have spent 0.8 hours, or 48 minutes, identifying the responsible parties and determining other modifications of the Title 24 obligations in the fourth step of the prefiling checklist. *See* Billing Statement at 1. Ms. Seabock has represented Mr. Johnson in multiple ADA cases involving similar laws and fairly recent to this case, so the identification of the parties and research on Title 24 for the fourth step of the prefiling checklist should have been a standard procedure that took no more than 0.5 hours, or 30 minutes. *See Li,* 2020 WL 3268580, at *4–5. Therefore, this Court reduces the hours of Ms. Seabock's tasks in this matter to 0.5 hours, or 30 minutes.

Along this same reasoning, Ms. Zimmerman billed 0.3 hours, or 18 minutes, for reviewing and signing Plaintiff's IDs. *See* Billing Statement, 3. This Court finds that Ms. Zimmermann's tasks were relatively straightforward, here, and there is no reason for it to exceed 0.1 hours, or 6

Case No.: 20-cv-6946-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

6

minutes. Therefore, the Court reduces the hours of Ms. Zimmermann's task to 0.1 hours, or 6 minutes.

In terms of the remaining contested attorney tasks, this Court may not attempt to impose its own judgment regarding the best way to operate a law firm or decisions on matters such as finalizing motions, assigning quick paralegal tasks, drafting memos, or emailing if there is no adequate basis for reducing the hours. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008). Moreover, this Court finds that the billing log, aside from the above reductions, is within the requisite billing judgment as far as the number of hours for the applicable tasks. *Vogel,* 893 F.3d at 1160.

### iii. Lodestar Total Calculation of Fees and Costs

Based on the lodestar analysis of the reasonable rates and hours, this Court concludes that Mr. Johnson's attorneys' fees total $4,510. The following calculation provides: Mr. Handy (1 hour @ $475/hour = $475); Ms. Seabock (4.6 hours @ $350/hour = $1,610); Mr. Price (5.7 hours @ $350/hour = $1,995); Ms. Zimmermann (.1 hours @ $250/hour = $25); Paralegals (4.05 hours @ $100/hour = $405).

In addition to the total from the Billing Statement (*See* Dkt. No. 15-2), this Court has not found any basis to conclude that Mr. Price has inadequately or unnecessarily claimed the number of hours associated with this present motion. Accordingly, Mr. Price worked for a total of 3.3 hours on reviewing the opposition and drafting the present reply. *See* Dkt. No. 18. Based on the reasonable rate of $475/hour, Mr. Price's billing statement for the tasks on this motion result in $1,567.50 to be included in the total attorneys' fees. Therefore, this Court awards a total of $6,077.50 in attorneys' fees.

Further, Mr. Johnson seeks costs in the amount of $900 for investigator fees, filing fees, and service fees. *See* Billing Statement, 4; *See Li,* 2020 WL 3268580, at *5; *Cruz v. Starbucks Corp.,* 2013 WL 2447862, at *10 (N.D. Cal. June 5, 2013). Defendant objects to the costs, but

Case No.: 20-cv-6946-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

7

there is no reasonable basis to conclude that Potter Handy, LLP is being untruthful regarding the expenses. Therefore, this Court awards Mr. Johnson $900 in costs.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Plaintiff's motion for attorneys' fees and costs. In sum, the Court **AWARDS** a total of $6,077.50 in attorneys' fees and $900 in costs.

**IT IS SO ORDERED.**

Dated: November 29, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 20-cv-6946-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

8